UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
:
KASAUN MOALES,                                                   :
:
                              Plaintiff,  :  **ORDER DISMISSING**
:  **ACTION FOR LACK OF**
        -against-                                             :  **SUBJECT MATTER**
:  **JURISDICTION**
LAND ROVER CHERRY HILL *and* DOES 1–10,                          :
:  3:25-CV-544 (VDO)
                            Defendants.  :
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

      Plaintiff Kasaun Moales has filed a *pro se* and *in forma pauperis* complaint against a car dealership and ten unnamed individual defendants. Moales alleges that a credit application he submitted to the dealership was a "source of value" that "created [a] credit contract."[1] He contends that the dealership "may have assigned, transferred, or securitized the contract" for compensation.[2] More specifically, he claims that the dealership "monetized, assigned, or pooled" this "credit contract" "into a securitized trust."[3] He avers that, as a result, "[t]he debt obligation is removed from the original creditor's balance sheet."[4] He seeks compensatory and punitive damages, declaratory relief, a "court-supervised accounting of all financial

---

[1] Compl., ECF No. 1, at 1, 6.

[2] *Id.* at 6.

[3] *Id.*

[4] *Id.* at 3.

transactions related to the contract," and "[a]n injunction stopping [d]efendant from further financial transactions until accounting is provided."[5]

Upon initial review of the Complaint, the Court issued an Order to Show Cause, expressing concern that it lacked subject matter jurisdiction over this action and offering Moales the opportunity to file a reply.[6] Moales filed such a response.[7] For the reasons explained herein, however, the Court concludes that Moales fails to demonstrate federal jurisdiction and that the Complaint must be dismissed. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) ("[A] court must satisfy itself that it has subject matter jurisdiction and may at any time in the course of litigation consider whether such jurisdiction exists.").

In its Order to Show Cause, the Court explained that federal question jurisdiction over this action appeared lacking because none of the four claims that Moales brought—Declaratory Relief under the Declaratory Judgment Act, "Demand for Accounting," injunctive relief, and fraudulent concealment—constituted a claim arising under federal law.[8] In general, federal courts have so-called "federal question" jurisdiction over any claims that arise under federal law. 28 U.S.C. § 1331. But federal question jurisdiction exists only if the complaint pleads a cause of action created by federal law or otherwise turns on a substantial question of federal

---

[5] *Id.* at 4.

[6] Ord. to Show Cause, ECF No. 8. The Court also expressed its concern that the District of Connecticut was the wrong venue for this action. The Court maintains these concerns, but because the Court concludes that it lacks subject matter jurisdiction over the action, the Court need not address this question.

[7] Response, ECF No. 11-1.

[8] Ord. to Show Cause.

2

law. *See, e.g., New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016).

None of Moales's four claims satisfy these requirements. Moales presents several arguments to the contrary. First, Moales claims that the Complaint raises issues related to federal regulations and constitutional issues.[9] Though it is true that Moales repeatedly references federal regulations in his Complaint, none of these references to federal law are critical to the resolution of any of his four claims. Therefore, there is no evidence that the resolution of any claim in this action turns on a substantial question of federal law.

Second, Moales contends that his claims for an accounting and fraudulent concealment "implicate constructive trust principles" that are "federalized" and, therefore, that his claims "arise from a federally cognizable injury."[10] It is not immediately clear what it means for a claim to be "federalized," but, as the Court explained in its Order to Show Cause, a fraudulent concealment claim is undoubtedly a state-law tort claim, and a demand for accounting, at least in this case, is a request for a remedy and does not supply an independent cause of action, let alone a cause of action sufficient to confer federal question jurisdiction. A constructive trust, too, is a remedy, not a cause of action, and a creature of state law.

Third, Moales argues that the Declaratory Judgment Act confers federal question jurisdiction. But, as explained in the Order to Show Cause, it is well-settled that a complaint's invocation of the Declaratory Judgment Act is not, on its own, enough to support federal question jurisdiction. *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767,

---

[9] Response at 1.

[10] *Id.*

769 (2d Cir. 2006) (per curiam). To the extent Moales claims that the legal question underlying his request for a declaratory judgment turns on federal law, the Court disagrees: It appears that Moales seeks a declaratory judgment holding that the dealership violated a contract with Moales. As best the Court can discern, this is a run-of-the-mill state law contract claim that does not turn on a question of federal law. This argument fails to support the conclusion that the Court has jurisdiction over this action.

Fourth, Moales claims that he can bring his case under a federal common law of securities.[11] First, no such federal common law exists: Instead, a series of federal statutes governs securities law. *See, e.g.*, 15 U.S.C. § 77a *et seq.*; *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("There is no federal general common law."); 1 Thomas Lee Hazen, *Treatise on the Law of Securities Regulation* § 1:4 (8th ed. 2020) ("t[T]here is no federal 'common law' of securities, and any rights or liabilities must find their source in the statutes themselves."). Accordingly, the Court concludes that this argument, too, fails to support federal question jurisdiction.

Additionally, Moales claims that the exercise of subject matter jurisdiction is proper pursuant to federal diversity jurisdiction.[12] Diversity jurisdiction has two requirements: (1) complete diversity of citizenship amongst the parties and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332. Moales plausibly alleges complete diversity of citizenship but he does not show that this action meets the amount-in-controversy requirement. This jurisdictional threshold amount is ordinarily established by the face of the complaint, and the

---

[11] Response at 2.

[12] Response at 2.

dollar amount claimed therein. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). But amount-in-controversy allegations are also governed by the plausibility pleading requirement established in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Lapaglia v. Transamerica Cas. Ins. Co.,* 155 F. Supp. 3d 153, 155 (D. Conn. 2016). That means that a plaintiff must do more than merely assert facts that might support the conclusion that the amount-in-controversy requirement is met: Instead, a plaintiff should allege facts "sufficient to allow for a plausible inference that the amount in controversy meets the jurisdictional threshold." *Id.* at 156.

Moales's Complaint contains only conclusory assertions: It merely repeats the basis on which he seeks damages and asserts that these claims, if aggregated, "easily" meet the amount in controversy requirement.[13] The Court is not convinced. Moales provides no benchmark or other basis for concluding that the contract he alleges existed with the dealership was of such a value that his damages might exceed $75,000. Absent a specific, plausible, and non-conclusory explanation of the basis for his conclusion that his damages exceed $75,000, the Court concludes that the amount-in-controversy requirement is not met in this action, and thus that the Court cannot exercise diversity jurisdiction over this action.[14]

Because the Court cannot exercise either federal question or diversity jurisdiction over this action, the Court lacks subject matter jurisdiction. Therefore, the action is dismissed

---

[13] Response at 2.

[14] To the extent that the Complaint can be read as seeking an injunction precluding the dealership from conducting any business whatsoever, Moales does not show standing to bring this claim, nor does he identify a cause of action under which he might pursue such relief. As a result, the Court declines to construe the Complaint to raise this claim, and instead construes the Complaint only to seek an injunction preventing the dealership from conducting further business with Moales.

pursuant to Federal Rule of Civil Procedure 12(h)(3) and the Clerk of the Court is respectfully requested to close the action. **On or before May 28, 2025**, Moales may file an amended complaint addressing the issues that led to this dismissal. If Moales has no grounds to seek relief in federal court, he may wish to seek such relief in a state court of proper jurisdiction and venue.

The Court, therefore, **denies** as moot the pending motion for leave to proceed *in forma pauperis*.[15] If Moales wishes to file an amended complaint, however, Moales is directed to file a completed version of the District of Connecticut's *in forma pauperis* form, which is available at https://www.ctd.uscourts.gov/sites/default/files/forms/Non-Prisoner-IFP-form-Rev-12-15-23.pdf. If Moales fails to either pay the filing fee or submit an acceptable *in forma pauperis* form by **May 28, 2025**, this action will remain closed even if Moales files an amended complaint sufficient to overcome the concerns stated in this Order and the Order to Show Cause.

Lastly, the Court must raise an additional issue *sua sponte*. Filing a document with the Court is a representation of the truthfulness of the claims contained therein. The obligation to present only contentions with a legitimate basis in fact extends to legal arguments.

In reviewing Moales's Response and Complaint, the Court noticed several instances in which a case did not match the proposition for which it was cited. As just one example among many, Moales cites *Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976), and *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946), for the proposition that a federal common law of fiduciary

---

[15] ECF No. 2.

duties supports a common-law private right of action.[16] *Hochfelder* and *Howey* are, of course, seminal securities law cases, but neither remotely stands for this proposition: Instead, each addresses federal *statutory* securities laws. This type of clear misstatement of the law is, unfortunately, the norm rather than the exception for Moales's citations to legal authority.

Artificial intelligence is "known to result in . . . fictional or hallucinatory citations[.]" *Strong v. Rushmore Loan Mgmt. Servs., LLC*, No. 24-CV-352, 2025 WL 100904, at *6 (D. Neb. Jan. 15, 2025) (quotations omitted); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023). For that reason, the Court believes that Moales may have used artificial intelligence in drafting his submissions.[17]

Artificial intelligence may ultimately prove a helpful tool to assist *pro se* litigants in bringing meritorious cases to the courts. In that way, artificial intelligence has the potential to contribute to the cause of justice. However, accessing any beneficial use of artificial intelligence requires carefully understanding its limitations. For example, if merely asked to write an opposition to an opposing party's motion or brief, or to respond to a court order, an artificial intelligence program is likely to generate such a response, regardless of whether the response actually has an arguable basis in the law. Where the court or opposing party was correct on the law, the program will very likely generate a response or brief that includes a false statement of the law. And because artificial intelligence synthesizes many sources with varying degrees of trustworthiness, reliance on artificial intelligence without independent

---

[16] Response at 2.

[17] That a Court is unable to discern from the face of a filing whether it was written by artificial intelligence is the case except in uncommon situations in which a court is presented with obvious evidence of artificial intelligence.

verification renders litigants unable to represent to the Court that the information in their filings is truthful.

Whether the issues with Moales's filings are the result of artificial intelligence or some other mistake, the Court **cautions** Moales to ensure that future submissions contain only accurate representations.

**SO ORDERED.**

Hartford, Connecticut
April 30, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge